Andrew Gerber
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, New York 10003
(212) 882-1320
andrew@kgfirm.com
*Attorneys for Plaintiff Juan Camilo Rojas*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUAN CAMILO ROJAS | |
| *Plaintiff*, | Case No. 23-cv-7365 |
| v. | **COMPLAINT** |
| EMMANUEL GAZMEY SANTIAGO P/K/A ANUEL AA, REAL HASTA LA MUERTE LLC, LEGENDARY MUSIC GROUP CORP., THE ORCHARD MEDIA, INC., and SONY MUSIC ENTERTAINMENT | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

Plaintiff Juan Camilo Rojas, by his attorneys Kushnirsky Gerber LLC, for his complaint against Defendants Emmanuel Gazmey Santiago p/k/a Anuel AA ("Anuel AA"), Real Hasta La Muerte LLC, Legendary Music Group Corp., The Orchard Media, Inc., and (collectively, "Defendants"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for copyright infringement under the Copyright Act. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

2. The Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302 and the Digital Millenium Copyright Act ("DMCA").

3. Defendant Emmanuel Gazmey Santiago p/k/a Anuel AA is an individual residing in Miami, Florida.

4. Defendant Real Hasta La Muerte LLC ("RHLM") is a limited liability company organized and existing under the laws of the state of Florida with a principal place of business at 18555 Collins Ave 3605, Miami, FL 33160.

5. Defendant Legendary Music Group Corp. ("LMGC") is a corporation organized and existing under the laws of the state of Florida with a principal place of business at 10070 NW 74th Terrace, Doral, FL 33178.

6. Defendant The Orchard Media, Inc. ("The Orchard") is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 23 E 4th Street, 3F, New York, NY 10003.

7. Defendant Sony Music Entertainment is a Delaware general partnership with a principal place of business at 25 Madison Ave, New York, NY 10010.

8. Plaintiff Juan Camilo Rojas is an individual residing in Miami, Florida. Plaintiff has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants do business, may be found, and are subject to personal jurisdiction here. Defendants Anuel AA, LMGC, and The Orchard have also each consented to jurisdiction in this District in connection with their DMCA counter-notice filed with YouTube on August 7, 2023.

**FACTUAL BACKGROUND**

10. This is an action for copyright infringement brought by an independent visual artist against one the biggest music performers alive today and the group of music labels, production companies, and multinational companies behind him.

11. Born in Colombia and residing in Miami, Plaintiff Rojas is well-known for his creation and use of original typography in his multimedia artwork. Mr. Rojas' work has been featured globally in a wide range of art and design publications and exhibitions including the Sharjah Calligraphy Biennial 2016 in the United Arab Emirates, 100 Typographic Posters International Exhibition in China, Typography in Contemporary Art in Germany and international group exhibitions in Argentina, Mexico, Brazil, Greece, Switzerland, the Netherlands, Spain, Japan, Korea and the United States.

12. In 2021, Mr. Rojas created the original sculpture *Yo amo Miami* (the "Original Work"), representative images of which are shown below:





13.     Mr. Rojas owns the copyright in the Original Work and has not assigned or transferred the copyright.

14.     Defendant Anuel AA received the Billboard Latin Music Award for Best New Artist of 2019 and is credited with singlehandedly spearheading the Latin trap movement.

15.     Defendant Anuel AA uses YouTube as a primary means of launching and disseminating new tracks and promoting himself and his brand.  He has nearly 25 million subscribers on YouTube and his videos have amassed nearly 15 billion total views on the platform.

16.     On May 4, 2023, Anuel AA launched the video for his track "Mejor Que Yo" on his YouTube channel.

17. Upon information and belief, Anuel AA appears in the "Mejor Que Yo" video through his label RHLM and LMGC.  LMGC is a client of The Orchard Media, a subsidiary of Sony Music Entertainment.

18. Upon information and belief, Anuel AA's YouTube channel is maintained and controlled by Anuel AA, RHLM, and LMGC.

19. As is immediately apparent, Anuel AA chose to shoot a large portion of the "Mejor Que Yo" video posing in front of Mr. Rojas's *Yo amo Miami* work.  Several relevant screengrabs of the video are shown below.







The intentional use of *Yo amo Miami* was neither accidental nor incidental. Anuel AA and his collaborators also used *Yo amo Miami* as the main promotional images for the "Mejor Que Yo" video on various social media platforms and elsewhere, as shown below.



 



20.     *Yo amo Miami* is one of the main thematic elements of the "Mejor Que Yo" video. Upon information and belief, this was an intentional decision, as pink and red crosses are a prominent thematic element in Anuel AA's current tour to promote his most recent album.

21.     *Yo amo Miami* was also prominently featured in promotional posts about Anuel AA and the video, as shown below, and were distributed as part of promotional and marketing materials by Anuel AA, RHLM, and LMGC to a wide range of third parties.




 

11

 

22.     Neither Anuel AA nor anyone associated with him or RHLM, LMGC, The Orchard, or Sony Music Entertainment ever contacted Mr. Rojas or made any inquiry regarding the use of his work.  All of these parties should each have been aware that a license would have been required for such use of Mr. Rojas' artwork and indeed Mr. Rojas relies on such license fees to support himself, his family, and his livelihood.

23.     Such unlawful use of *Yo amo Miami* infringes Mr. Rojas' copyright in that work in violation of the U.S. Copyright Act, 17 U.S.C. § 501 *et seq*.

24.     Mr. Rojas contacted Defendants through counsel on July 6, 2023, demanded that they cease the widespread infringing use of the Original Work, and repeatedly proposed that the parties attempt to work towards an amicable resolution of this matter.  Defendants refused to take

down any of the infringing videos and ignored Mr. Rojas's repeated attempts to resolve this matter before litigation.

25. As of July 24, 2023, the "Mejor Que Yo" video had received over 75 million views and Defendants had still not taken it down nor ceased any of the ongoing infringing use of the Original Work. Mr. Rojas thereafter issued a DMCA takedown demand to YouTube and the "Mejor Que Yo" video was eventually taken down by YouTube on August 1, 2023.

26. On August 3, 2023, Anuel AA published a post to his 36 million followers on his official Instagram account with photographs of him at an Inter Miami CF soccer game wearing what appears to be several hundred thousand dollars' worth of watches, jewelry, and accessories. The post also included text in Spanish that translates as follows: "I got knocked down #MejorQueYO from YouTube …who was the bastard that sent the complaint while crying?  I think we all know." The post received over 3.4 million likes and Mr. Rojas has received numerous threats and personal attacks since Anuel AA published this disparaging and irresponsible post. Rather than attempt to resolve this matter with an independent artist, Anuel AA has instead opted to personally attack Mr. Rojas and knowingly turn his millions of fans against him.

27. On August 7, 2023, LMGC issued a DMCA counter-notice to YouTube regarding the "Mejor Que Yo" video. In that counter-notice, under penalty of perjury LMGC falsely claimed to own the exclusive rights to all content in the video.

28. Mr. Rojas has been significantly damaged by such unlawful uses of the Original Work and has been forced to file this Action in order to protect his rights and livelihood.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, *et seq.***
**(Against All Defendants)**

29. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 28 above and incorporates them herein by this reference.

30. Plaintiff is the legal owner of all right, title, and interest in the Original Work. Plaintiff is the legal owner of the copyright in that work. Plaintiff has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit.

31. Defendants have copied, reproduced, distributed, adapted, publicly displayed and sold the Original Work without the consent, permission, or authority of Plaintiff.

32. Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of sections 106 and 501 of the Copyright Act.

33. Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

34. As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

35. As a result of the infringement that began in and stemmed from the United States, Defendants have unlawfully profited in the United States and around the world.

36. Plaintiff is entitled to actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Work or any elements thereof;

2. For an order permanently restraining and enjoining Defendants from copying, reproducing, distributing, adapting, and/or publicly displaying the Original Work or any elements thereof in the music video "Mejor Que Yo" currently hosted by YouTube at <https://www.youtube.com/watch?v=VmRUE1A_Idw>.

3. For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

4. For an award of all of Defendants' disgorged worldwide profits attributable to Defendants' copyright infringement;

5. For interest, including prejudgment interest, on the foregoing sums; and

6. For such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:   New York, New York
         August 18, 2023

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber
andrew@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Juan Camilo Rojas*